# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1847 | **DATE** | 3/14/2003 |
| **CASE TITLE** | James O'Donnell vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 4/8/2003 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss Counts II through V is granted. Defendant's motion to dismiss Count I is denied. Plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(3) is denied. All discovery must be completed on or before 6/30/03. Any dispositive motions are to be filed on or before 7/31/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 17 2003 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 14 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | | |
| RO | courtroom deputy's initials | 03 MAR 14 PM 1:36 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES O'DONNELL, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 1847 **DOCKETED** |
| | ) Judge Ruben Castillo  MAR 1 7 2003 |
| CITY OF CHICAGO, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff James O'Donnell filed this lawsuit against Defendant City of Chicago ("City") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a); 18 U.S.C. §§ 1001, 1621 and 1623; and 42 U.S.C. §§ 1981, 1983 and 1985. O'Donnell claims that the City unlawfully retaliated against him by denying him a position with the Department of Health, discriminated against him by terminating his position and misrepresented his union number several times, causing him injury. O'Donnell also filed a Rule 60(b)(3) motion, alleging that the City made a false declaration in prior litigation between the parties by misrepresenting his union number to the court. Currently before this Court is the City's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff's Rule 60(b)(3) motion. After careful consideration, we grant the City's motion in part and deny it in part. (R. 10-1.) We also deny Plaintiff's Rule 60(b)(3) motion. (R. 8-1.)

## RELEVANT FACTS[1]

O'Donnell was employed by the City's Department of Health ("CDOH") as an osteopathic physician at various city clinics. After an event occurring on or about April 25, 2000, O'Donnell

---

[1] This is the second litigation between O'Donnell and the City of Chicago. In order to place this lawsuit in context, we discuss facts relevant to the prior lawsuit and the history of the litigation.

1

attended a predisciplinary hearing in connection with his alleged violation of the City's Violence in the Workplace policy. "The statement of charges filed in connection with the violation alleged, *inter alia*, that on or about April 25, 2000, O'Donnell verbally abused and behaved in an intimidating manner toward another City employee." *O'Donnell v. Daley*, No. 01 C 5551, 01 C 5530, 01 C 4848, 01 C 4622, 2002 WL 100443, at *1 (N.D. Ill. Jan. 25, 2002). The City terminated O'Donnell's employment on August 21, 2000. *Id.*

On or about October 20, 2000, O'Donnell applied and was rejected for the positions of medical director of the STD/HIV Prevention program and Commissioner of the Chicago Department of Health. *Id.* In March 2001 O'Donnell filed charges with the EEOC, alleging that his August 2000 discharge was based on his race, national origin, and religion and that his October 2000 rejection for the position of Commissioner of the CDOH was based on these factors, plus age and sex. *Id.*

After the EEOC investigations, O'Donnell sued the City of Chicago, Mayor Richard Daley, and Sheila Lyne, head of the CDOH, in a case before Judge Kocoras. *Id.* He also brought a lawsuit against the AFSCME Union, a case originally before Judge Alesia but later consolidated with the action before Judge Kocoras. O'Donnell sued under Title VII, 29 U.S.C. § 185 and 42 U.S.C. §§ 1981, 1983 and 1985. On January 25, 2002, Judge Kocoras dismissed the suit in its entirety for failure to state claims upon which relief could be granted. *Id.* at *5.

In October 2001, while the lawsuit before Judge Kocoras was proceeding, O'Donnell applied for a position as a medical director with the CDOH. (R. 8, Am. Compl. at 7.) He notified the "appropriate City of Chicago officials," including Mayor Daley, about his application. (*Id.*) On or about February 20, 2002, the City notified O'Donnell that he did not receive the position.

2

(*Id.* at 8.) O'Donnell then filed another EEOC charge, alleging retaliation in violation of Title VII because of his failure to secure the CDOH position. (*Id.*, Ex. Q, Charge of Discrimination at 78.)

O'Donnell filed the instant suit against the City on March 13, 2002. (R. 1, Compl.) On May 30, 2002, this Court granted the City's motion to dismiss Plaintiff's complaint because the principles of *res judicata* and collateral estoppel barred his claims. (R. 7, May 30, 2002 Order.) In addition, we found that Plaintiff failed to state any valid causes of action. (*Id.*) However, in deference to Plaintiff's *pro se* status, we dismissed without prejudice with leave to refile an amended complaint. (*Id.*) On or about November 15, 2002, O'Donnell filed an amended complaint alleging retaliation in violation of Title VII, intentional misrepresentation and violations of 42 U.S.C. §§ 1981, 1983 and 1985. (R. 8, Am. Compl.) He also filed a Rule 60(b)(3) motion, claiming that the City intentionally misrepresented his union number in previous litigation and made a false declaration before this Court by stating that *res judicata* barred this action. (*Id.*) Currently before the Court is Defendant's motion to dismiss the amended complaint and Plaintiff's Rule 60(b)(3) motion.

## ANALYSIS

### I. Rule 60(b)(3) Motion

O'Donnell filed a Federal Rule of Civil Procedure 60(b)(3) motion, alleging that the City made a false declaration in previous litigation by misstating his union number as Local 3368 when, in fact, his union was Council 31. (R. 8, Am. Compl. at 2.) As an initial matter, Rule 60(b) motions generally should be brought in the court in which the original judgment was rendered. *See, e.g., Sec. Exch. Comm'n v. Gellas*, 1 F. Supp. 2d 333, 335 (S.D.N.Y. 1998); *see also Taft v. Donellan Jerome, Inc.*, 407 F.2d 807 (7th Cir. 1969). And, of course, O'Donnell cannot use the Rule 60(b)(3) motion before this Court to relitigate his prior lawsuit or as a substitute for a proper

appeal from that judgment. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) (noting that plaintiff cannot use Rule 60 to obtain reconsideration when the "ground for setting aside a judgment" could "have been used to obtain a reversal by means of a direct appeal."); *Donald v. Cook County Sheriff's Dep't,*, 95 F.3d 548, 554 (7th Cir. 1996); *Plattner v. Strick Corp.*, 102 F.R.D. 612, 614 (N.D. Ill. 1984). Therefore, we question the propriety of O'Donnell's motion before this Court. Nevertheless, because we construe a *pro se* litigant's claims liberally for purposes of a motion to dismiss, *id.* at 555, we will address O'Donnell's claim under Rule 60(b) that the City perpetrated a fraud on the court in the prior proceeding. Specifically, O'Donnell claims that the City knew Local 3368 represented county court workers and not health workers, (*id.* at 19), but instead falsely represented to Judge Alesia and Judge Kocoras that Union 3368 represented county health workers, (*id.* at 18, 29). Plaintiff further states that the City and the AFSCME union conspired to perpetuate this misstatement. (*Id.* at 10.) Finally, O'Donnell alleges that the City made a false declaration before this Court when, in April 2002, the City stated that *res judicata* applied to his claims in the first complaint. (*Id.* at 20.)

Rule 60(b)(3) provides in part that "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud . . ., misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). To obtain relief under this subsection, the party must prove by clear and convincing evidence that (1) the party maintained a meritorious claim at trial and (2) because of the fraud, misrepresentation or misconduct of the adverse party, (3) the party was prevented from fully and fairly presenting its case at trial. *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699 (7th Cir. 1995). The district court has "great discretion in balancing the finality of judgment against the

other salutary policies embodied in the alternate grounds for relief" under Rule 60. *Plattner*, 102 F.R.D. at 614.

O'Donnell fails to prove by clear and convincing evidence that the City's misstatement of his union number satisfies the requirements of Rule 60(b)(3). First, O'Donnell did not have a meritorious claim in his previous case against the City. Judge Kocoras granted Defendants' motion to dismiss in that case, noting that "none of the federally based claims of the complaint state a claim upon which relief can be granted." *O'Donnell*, 2002 WL 100443, at *5. Second, O'Donnell does not allege how the City's misstatement "unfairly prejudiced him by preventing him from fully and fairly presenting [his] case." *Provident*, 71 F.3d at 700 (internal quotations omitted). O'Donnell does not explain how the City's alleged misstatement of his union number prevented him from arguing his case but instead notes only that a false declaration is "a criminal offense." (R. 8, Am. Compl. at 7.) Because he does not show how the City's statements obstructed his case, his Rule 60(b)(3) motion fails.

In addition, O'Donnell's Rule 60(b)(3) motion should be denied because he knew or should have known that the union number presented to Judge Kocoras in the prior litigation was incorrect. The misidentification of the union number was not "a fraud that the losing party could not have discovered in time to have it rectified by the court of appeals." *Bell*, 214 F.3d at 801. O'Donnell clearly was aware of his union number, so he could have objected in a timely fashion during the prior litigation.

O'Donnell's Rule 60(b)(3) motion with regard to the City's statement that *res judicata* applied to his initial complaint in this case also fails. The City's decision to argue that *res judicata* applied to O'Donnell's complaint was simply the adoption of a particular legal position and not a false declaration before this Court. *Provident*, 71 F.3d at 699. If O'Donnell disagreed with the

City's presentation of this issue, he bore the burden of presenting adequately supported counter-arguments. *Id.* For these reasons, O'Donnell's Rule 60(b)(3) motion is denied.

## II. Motion to Dismiss the Amended Complaint

### A. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. N.W. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). All well-pleaded facts are taken as true, and all inferences are drawn in favor of the non-movant. *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). The motion will be granted only if it appears beyond a doubt that the non-movant can prove no set of facts entitling him to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

### B. Retaliation

O'Donnell alleges that the City retaliated against him by refusing to hire him for the medical director position at the Department of Health in February 2002. O'Donnell claims that the refusal to hire him for this position was in retaliation for the EEOC charge he filed in March 2001 and the federal lawsuit he filed against the City and other parties. In order to survive a motion to dismiss, an employment discrimination plaintiff need not allege a *prima facie* case of discrimination under the *McDonnell Douglas* standard but need only give "fair notice" of the claims at issue. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Because the City failed to specifically address O'Donnell's retaliation claim in its motion to dismiss and because there is no heightened pleading standard for employment discrimination cases, O'Donnell's retaliation claim survives. O'Donnell gave fair notice to the City that he was alleging a retaliation claim. Thus, O'Donnell's retaliation claim will proceed into the discovery and summary judgment phases of litigation.

### C. Intentional Misrepresentation

Count II of O'Donnell's complaint alleges that the City engaged in intentional misrepresentation in violation of 18 U.S.C. §§ 1001, 1621 and 1623. Specifically, O'Donnell claims that the City made a false declaration before Judge Alesia and Judge Kocoras by identifying his union as Local 3368, when his union was Council 31. (R. 8, Am. Compl. at 18.) He also states that the City made a false declaration by declaring before this Court in April 2002 that *res judicata* applied to the claims in his first complaint. (*Id.* at 20.)

We dismiss Count II because O'Donnell fails to state a valid cause of action. The False Claims Act, 18 U.S.C. § 1001 states that anyone who "knowingly and willfully falsifies, conceals, or covers up . . . a material fact, or makes any materially false . . . representation . . . shall be fined under this title or imprisoned not more than 5 years, or both." It "deals with fraud and concealment from a government agency." *Fed. Sav. and Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 n.9 (4th Cir. 1987). O'Donnell cannot rely on this statute because it is a criminal statute, which does not confer a private right of action. *Id.* at 137; *O'Donnell*, 2002 WL 100443, at *3.

Similarly, Plaintiff's claims under 18 U.S.C. §§ 1621 and 1623, which penalize perjury and false declarations under oath, fail because these are criminal statutes that offer no civil causes of action. *See LaBoy v. Zuley*, 747 F. Supp. 1284, 1289 (N.D. Ill. 1990) (stating that Section 1621 does not state a private cause of action). Thus, we dismiss Count II of O'Donnell's complaint for failure to state a valid cause of action.

### D. Violations of 42 U.S.C. §§ 1981, 1983 and 1985

O'Donnell alleges the City violated 42 U.S.C. § 1981 (Count III), 42 U.S.C. § 1983 (Count IV) and 42 U.S.C. § 1985 (Count V). In support of Count III, O'Donnell first claims that the City violated § 1981 when it refused to give him a copy of his union contract and falsely told him the

wrong union number, thus denying his right to contract for union membership "because he is white, male and Irish." (R. 8, Am. Compl. at 23.) O'Donnell next alleges that the City denied him procedural due process in violation of 42 U.S.C. § 1983 when it issued a "false declaration" regarding his union number, (*id.* at 26), and fired him from his job with the City, (*id.* at 27). Finally, O'Donnell claims that the City violated 42 U.S.C. § 1985 when it conspired with the AFSCME union to misstate his union number, (*id.* at 29), and to deny him a copy of his union contract on August 7, 2000, (*id.* at 28). He further alleges that the conspiracy between the City and the Union denied him rights and privileges under the union contract and caused him injury. (*Id.* at 31.)

*Res judicata* bars Counts III through V. *Res judicata* is appropriate when there is: (1) identity of the parties in the two suits; (2) identity of the causes of actions in both suits; and (3) a final judgment on the merits in the earlier action. *Brzostowski v. Laidlaw Waste Sys. Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). The first element is satisfied because Plaintiff previously sued the City in the case before Judge Kocoras. *O'Donnell*, 2002 WL 100443, at *1. In addition, there is identity of the causes of actions in both suits. All claims arising out of the same core of operative facts must be alleged in the same proceeding and attempts to bring such claims in future suits will be precluded. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988). The two suits are based on the same, or nearly the same, factual allegations, thus satisfying the identity inquiry, *Brzostowski*, 49 F.3d at 339, and the allegations raised in Counts III through V arise out of the same core of operative facts as raised in the previous litigation before Judge Kocoras. For example, O'Donnell alleges wrongful discharge based on discrimination and denial of procedural due process, but both issues were addressed and dismissed previously. *O'Donnell*, 2002 WL 100443, at *2, 4. O'Donnell also alleges that he was denied a copy of his union contract and that the City and the AFSCME union misstated his union number numerous

times. These allegations arise out of the same set of operative facts as his first suit. Plaintiff could have and should have presented these claims in the previous litigation, so he is barred from raising them in this case. Finally, *res judicata* applies in this case because Judge Kocoras dismissed the case for failure to state a claim, which constitutes a final judgment on the merits. *O'Donnell*, 2002 WL 100443, at *5. O'Donnell's claims under 42 U.S.C. §§ 1981, 1983 and 1985 are barred by *res judicata* and therefore dismissed.

## CONCLUSION

For these reasons, we grant Defendant's motion to dismiss with respect to Counts II through V and deny it with respect to Count I. (R. 10-1.) We also deny Plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(3). (R. 8-1.) The only potentially viable claim brought by Plaintiff is his retaliation claim.[2] The Court will allow expedited discovery on this claim to be completed by June 30, 2003. Thereafter, any dispositive motions will be due on or before July 31, 2003. The parties are also requested to reevaluate any settlement possibilities for this ongoing employment dispute. A status hearing will be held on April 8, 2003, at 9:45 a.m. in open court.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: March 14, 2003

---

[2] We emphasize that the sole remaining issue in this lawsuit is O'Donnell's claim of retaliation arising from his failure to secure the position of medical director with the CDOH in February 2002. Any future pleadings by either party must be confined to this single issue; any extraneous arguments or submissions will be disregarded by the Court.